OPINION
PER CURIAM.
Pro se appellants, Sudesh Mehta, Sureh-ka Mehta, and Steven Pinkney, appeal from the dismissal of a lawsuit that they filed in the United States District Court for the District of New Jersey. Because the appeal presents no substantial question, we will summarily affirm the District Court’s order. See 3d Cir. LAR 27.4 and I.O.P. 10.6.
In January 2009, the appellants/plaintiffs filed a three-paragraph complaint seeking a stay of foreclosure and claiming *271 that they were denied “civil rights in Housing Code Section 1983 violations” by the New Jersey state courts. They also claim to have been denied the right to a jury trial, due process, and equal process by the New Jersey courts, and state that the “last action by the State Court was to allow foreclosure on the subject property despite strong evidence of fraud by Defendants) ----This taking of plaintiffs’ property was the final action in a series of lawsuits initiated in 1993.”
On March 3, 2009, the District Court entered an order dismissing the complaint as “frivolous and malicious” under 28 U.S.C. § 1915(e)(2)(B). The District Court noted that the claims were duplica-tive of those contained in the plaintiffs’ earlier complaints and arose from the same facts underlying the previous causes of action. Additionally, the District Court concluded that the property claims under 42 U.S.C. § 1983 were time-barred, that the allegations regarding the deprivation of due process failed to state a claim, and that the complaint “is so confusing and unintelligible that it violates Fed.R.Civ.P. 8(a) and no party could possibly reply to it.”
We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we agree with the District Court that the complaint is frivolous under § 1915, as the claims are “based on an indisputably meritless legal theory.” See Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The complaint, which is not a model of clarity, appears to seek review of state court decisions regarding the “subject property.” Such claims are barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Further, because the legal theory on which the claims are based is untenable, the District Court did not err by dismissing the complaint without providing the plaintiffs an opportunity to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002) (noting that dismissal of case without leave to amend is proper when amendment would be futile or inequitable).
For these reasons, we will summarily affirm the District Court’s order dismissing the complaint. We deny the motion to stay the appeal as moot.

. As the District Court acknowledged in its May 20, 2009 order, its order dismissing the complaint did not comply with Federal Rule of Civil Procedure 58(a). Accordingly, the appellants had 150 days from the entry of the March 3, 2009 order to appeal from the dismissal of the complaint. See United Auto. Workers Local 259 Social Sec. Dep’t v. Metro Auto Center, 501 F.3d 283, 287 (3d Cir.2007). For this reason, the appellants' June 3, 2009 notice of appeal is timely. See Fed. R.App. P. 4(a)(7)(ii).